IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ERIC DRAKE**                                                                                                  **PLAINTIFF**

**VS.**                                                             **CAUSE NO. 3:21-cv-00251-MPM-JMV**

**MERCEDES BENZ, USA, LLC, et al**                                **DEFENDANTS**

**ORDER**

On December 13, 2021, plaintiff Eric Drake filed a 251-page complaint which strikes this court as being both frivolous and a potential danger to the safety of federal judges and other individuals whose personal addresses are listed in it. Moreover, this court's research revealed that plaintiff has a lengthy history, going back more than a decade, of being sanctioned for filing frivolous lawsuits in federal courts in Texas. As a result, federal courts in that state have developed a specific sanction to address Drake's vexatious lawsuits, and this court intends to follow it in this case.

In *Drake v. Safeway, Inc.,* 2020 WL 1848080 (N.D. Tex. Apr. 13, 2020), a Texas district court applied what appears to be the standard ruling issued against Drake in Texas federal court, namely 1) denying him leave to proceed *in forma pauperis* and 2) dismissing his complaint without prejudice to refiling, but only after he obtains leave from a district judge to do so. *See, e.g., Drake v. John Doe Trucking Co.,* No. 3:20-CV-3189-B-BK at Doc. 17 (N.D. Tex. Oct. 22, 2020); *Drake v. Safeway, Inc.,* No. 3:19-CV-2002-N-BK at Doc. 32 (N.D. Tex. Sept. 13, 2019); *Drake v. Nordstrom Dep't Store,* No. 3:18-CV-00471-D-BN at Doc. 10 (N.D. Tex. March 19, 2018).

In a more recent decision, another Texas federal court applied the same sanction, noting that:

> Federal courts in Texas routinely honor sanctions imposed by other federal district courts in Texas against vexatious litigants. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of case based on another district's sanction order). The primary basis for doing so is the doctrine of judicial notice under which one court may take notice of

another court's judicial actions, including records of litigation and sanction orders. *See Gray ex rel. Rudd v. Beverly Enters. Miss., Inc.*, 390 F.3d 400, 408 n. 7 (5th Cir. 2004). Indeed, based on the sanctions imposed in the Eastern District of Texas, district judges in this Court have dismissed several of Plaintiff's cases without prejudice to him refiling only after he obtains leave from a district judge.

*Drake v. Walmart Inc.,* No. 3:20-CV-581-M-BK, 2021 WL 863217, at *1 (N.D. Tex. Feb. 9, 2021), report and recommendation adopted, No. 3:20-CV-581-M-BK, 2021 WL 859132 (N.D. Tex. Mar. 8, 2021).

It strikes this court that, if this sanction were in any respect unlawful, then the Fifth Circuit would have prevented Texas district courts from implementing it by now. This court further concludes that Mississippi district courts would be well served by honoring and following the same sanction which Texas federal courts have judged to be proper in dealing with the frivolous lawsuits filed by Drake. This court further concludes, based upon a review of the complaint, that it would be better to enter this order sooner rather than later, thereby sparing the defendants in this case the burden and expense of dealing with what it finds to be another frivolous lawsuit filed by Drake.

In light of the foregoing, it is ordered that:

1. Drake will not be permitted to proceed *in forma pauperis* in this matter (should he seek permission to do so);

2. This action is hereby dismissed without prejudice, and it may only be re-filed after Drake obtains permission from a district judge to do so; and

3. The clerk of the court is directed to strike any personal addresses of federal judges and other individuals listed in the complaint [1] and seal the summons issued [3].

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this, the 14th day of December, 2021.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI